UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSTAFA FEHMI HAMDAN; RAYMOND FOUAD AZAR,

                      Plaintiffs,

-against-

THE UNITED NATIONS HEADQUARTERS; THE INDEPENDENT INTERNATIONAL INVESTIGATIONS COMMISSION (IIIC); DETLIV MEHLIS, Principal Investigator, Head of the Commission (individually); DANIEL BELLEMARE, Principal Investigator, Head of the Commissioner (individually); SERGE BRAMMERTZ, Principal Investigator, Head of the Commission (individually); BO ASTROM, MATTI RAATIKAINEN; DOMINIQUE RITTER; ROSEMARY IDIRY; MAAN SALMAN; MARASCH VUCINAJ; GERHARD LEHMAN; GUY BOURRASSA; GUENTER NEIFER; ROBERT HAUSCHILD; ANDREAS LAURSEN; ANALYST NEILSEN; EVA JENSEN; KEN CORLETT; JOHN EHRET; GERT GROG, and others,

                      Defendants.

1:22-CV-8746 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiffs Brigadier Generals Mostafa Fehmi Hamdan and Raymond Fouad Azar, who allege that they are members of the Lebanese military, filed this *pro se* action asserting that they are currently in pretrial detention in a facility in Beirut, Lebanon. They allege that they have been arrested by Lebanese authorities and members of the United Nations Independent International Investigations Commission ("UNIIIC"), having been accused of assisting in the assassination of former Lebanese Prime Minister, Rafic Hariri, and, thus, assisting in causing the deaths of 22 other persons, in Beirut, Lebanon, on February 14, 2005.

Plaintiffs appear to assert claims for damages under the Alien Tort Statute, also known as the Alien Tort Claims Act, 28 U.S.C. § 1350, arising from their arrests and pretrial detention. They sue: (1) the United Nations Headquarters (understood to be the United Nations ("UN")); (2) the UNIIIC; (3) UNIIIC Principal Investigator and Commission Head Detliv Mehlis; (4) UNIIIC Principal Investigator and Commission Head Daniel Bellemare; (5) UNIIIC Principal Investigator and Commission Head Serge Brammertz; (6) UNIIIC Official or Investigator Bo Astrom; (7) UNIIIC Official or Investigator Matti Raatikainen; (8) UNIIIC Official or Investigator Dominque Ritter; (9) UNIIIC Official or Investigator Rosemary Nidiry; (10) UNIIIC Official or Investigator Maan Salman; (11) UNIIIC Official or Investigator Marasch Vucinaj; (12) UNIIIC Official or Investigator Gerhard Lehman; (13) UNIIIC Official or Investigator Guy Bourrassa; (14) UNIIIC Official or Investigator Guenter Neifer; (15) UNIIIC Official or Investigator Robert Hauschild; (16) UNIIIC Official or Investigator Andreas Laursen; (17) UNIIIC Official or Investigator Analyst Neilson; (18) UNIIIC Official or Investigator Eva Jensen; (19) UNIIIC Official or Investigator Ken Corlett; (20) UNIIIC Official or Investigator John Ehret; (21) UNIIIC Official or Investigator Gert Krog; and (22) other unidentified UNIIC Officials or Investigators.

Plaintiffs have paid the fees to bring this action. For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiffs have paid the fees to bring a civil action, if the Court determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court can also dismiss a complaint, or portion thereof, for failure to

state a claim on which relief may be granted after giving the plaintiffs notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). Leave to amend need not be granted, however, if amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim. . . . " *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

## DISCUSSION

The Court must dismiss this action for lack of subject matter jurisdiction. Under the Convention on Privileges and Immunities of the United Nations, Feb. 13, 1946, *entered into force with respect to the United States* Apr. 29, 1970, 21 U.S.T. 1418 (the "CPIUN"), the UN enjoys absolute immunity from suit unless "it has expressly waived its immunity." *Id.* art. II, § 2. In addition, the International Organizations Immunities Act of 1945, 22 U.S.C. §§ 288, 288a(b) (the "IOIA"), provides that international organizations designated by the President of the United States receive the "same immunity from suit and every form of judicial process as is enjoyed by foreign governments," § 288a(b), and the UN has been so designated. *See Brzak v. United Nations*, 597 F.3d 107, 112 (2d Cir. 2010) (holding that "the CPIUN unequivocally grants the United Nations absolute immunity without exception"); *Van Aggelen v. United Nations*, 311 F. App'x 407, 409 (2d Cir. 2009) (summary order) ("The United Nations enjoys absolute immunity under the" UN Charter, the CPIUN, and the IOIA). The CPIUN is a "self-executing" treaty, meaning that "American courts must recognize the immunity it adopts in domestic litigation." *Brzak*, 597 F.3d at 111-13.

Although senior executives of the UN – including the Secretary General and Assistant Secretaries-General – enjoy full diplomatic immunity, CPIUN art. V, §§ 18(a), 19, other UN employees do not, *Van Aggelen*, 311 F. App'x at 409 ("[A] U.N. employee, does not enjoy full

diplomatic immunity."). Nevertheless, UN employees are shielded by functional immunity under the CPIUN for "all acts performed . . . in [the employee's] official capacity." CPIUN, art. V, § 18(a). In addition to the functional immunity available to UN employees under the CPIUN, under Section 7(b) of the IOIA, UN officers and employees are immune from suit and legal process "relating to acts performed by them in their official capacity and falling within their functions as . . . officers[] or employees, except insofar as such immunity may be waived by the [UN]." 22 U.S.C. § 288d(b).

The UN, and therefore, the UNIIIC, as an arm of the UN, are absolutely immune from suit in connection with the claims asserted in this action. *See Georges v. United Nations*, 834 F.3d 88 (2d Cir. 2016) (affirming on immunity grounds dismissal of claims against the UN and one of its arms).

To the extent that the individual defendants – all alleged to be UNIIIC investigators or officials – do not enjoy full diplomatic immunity, the claims asserted against them arise from acts performed within their official capacities – despite Plaintiffs' indications in the complaint that the individual defendants are sued "individually" – and fall within their functions as officers or employees of the UN; thus, the individual defendants are also immune from suit. *See Shatsky v. Palestine Liberation Org*, No. 18-CV-12355, 2021 WL 5770870, at *1 n.2 (S.D.N.Y. Dec. 6, 2021) (noting that UN employees who do not enjoy full diplomatic immunity are "shielded by functional immunity" for all acts performed in their official capacities (citing *Van Aggelen*, 311 F. App'x at 409))); *D'Cruz v. Annan*, No. 05-CV-8918, 2005 WL 3527153, at *1 (S.D.N.Y. Dec. 22, 2005) (the CPIUN immunizes UN officials sued for acts performed in their official capacities), *aff'd*, 223 F. App'x 42 (2d Cir. 2007) (summary order); *Laventure v. United Nations*, 279 F. Supp. 3d 394, 400 (E.D.N.Y 2017) ("Here, plaintiffs have sued the individual defendants

in their official capacities, and there is no indication that any relevant actions of the individual defendants fell outside the scope of their official duties."), *aff'd*, 746 F. App'x 80 (2d Cir. 2018) (summary order).

The Court therefore dismisses this action for lack of subject matter jurisdiction due to the defendants' immunity from suit.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Curcione*, 657 F.3d at 123-24; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to amend their complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   December 19, 2022
         New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge